People v Alvarez

2026 NY Slip Op 03084

May 14, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,

v

Marlon Alvarez, Defendant-Appellant.

Decided and Entered: May 14, 2026

Ind No. 679/20|Appeal No. 6605|Case No. 2024-06006|

Before: Webber, J.P., GonzáLez, Pitt-Burke, Higgitt, Hagler, JJ.

Twyla Carter, The Legal Aid Society, New York (Hannah Gladstein of counsel), for appellant.

Darcel D. Clark, District Attorney, Bronx (T. Charles Won of counsel), for respondent.

[*1]

Order, Supreme Court, Bronx County (Raymond L. Bruce, J.), entered on or about August 22, 2024, which adjudicated defendant a level two sexually violent offender pursuant to the Sex Offender Registration Act, (Correction Law art 6-C), unanimously affirmed, without costs.

The court providently exercised its discretion when it declined to grant a downward departure (see People v Gillotti, 23 NY3d 841, 861 [2014]). There were no mitigating factors that were not adequately taken into account by the risk assessment instrument. Defendant failed to show that his participation in substance abuse treatment was so exceptional that a downward departure to risk level one is warranted (see People v Louis, 244 AD3d 425, 426 [1st Dept 2025]), or that his efforts at rehabilitation reduced his risk of reoffense or danger to the community (see People v Gibbs , 238 AD3d 521, 522 [1st Dept 2025], lv denied 44 NY3d 909 [2025]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 14, 2026